1

2

3

4

5            UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7  YVONNE C. BOIKO,                    )
                                       )  No. CV-06-258-CI
8            Plaintiff,                )
                                       )  ORDER GRANTING PLAINTIFF'S
9  v.                                  )  MOTION FOR SUMMARY JUDGMENT
                                       )  AND REMANDING FOR FURTHER
10 MICHAEL J. ASTRUE, Commissioner     )  PROCEEDINGS
   of Social Security,[1]              )
11                                     )
                                       )
12           Defendant.                )
                                       )
13 ─────────────────────────────────────

14     BEFORE THE COURT are Plaintiff's Motion for Summary Judgment

15 (Ct. Rec. 13) and Defendant's Motion for Summary Judgment (Ct. Rec.

16 20), noted for hearing without oral argument on April 16, 2007.

17 Attorney Maureen J. Rosette represents Plaintiff; Special Assistant

18 United States Attorney Leisa A. Wolf represents the Commissioner of

19 Social Security ("Commissioner").   The parties have consented to

20 proceed before a magistrate judge.  (Ct. Rec. 7.)  After reviewing

21 the administrative record and the briefs filed by the parties, the

22 court **GRANTS** Plaintiff's Motion for Summary Judgment and **REMANDS** the

23 ───────────────

24     [1]As of February 12, 2007, Michael J. Astrue succeeded Acting

25 Commissioner Linda S. McMahon as Commissioner of Social Security.

26 Pursuant to FED. R. CIV. P. 25(d)(1), Commissioner Michael J. Astrue

27 should be substituted as Defendant, and this lawsuit proceeds

28 without further action by the parties.  42 U.S.C. § 405(g).

1  matter to the Commissioner for further proceedings. (Ct. Rec. 13.)

2  Defendant's Motion for Summary Judgment is **DENIED.**  (Ct. Rec. 20.)

3  ### JURISDICTION

4  Plaintiff filed applications for Disability Insurance Benefits

5  ("DIB") and for Supplemental Security Income on June 7, 2005,

6  alleging an onset date of December 25, 2003. (Tr. 59-64, 65-68.)

7  The applications were denied initially and on reconsideration. (Tr.

8  33-36, 37-40, 43-46.) ALJ Mary Bennett Reed held a hearing on April

9  14, 2006, and Plaintiff and vocational expert Deborah Lapoint

10 testified.  (Tr. 232-272.)  On May 19, 2006, the ALJ issued a

11 decision finding that Plaintiff was not disabled. (Tr. 11-24.)  The

12 Appeals Council denied a request for review on August 21, 2006.

13 (Tr. 5-7).  Therefore, the ALJ's decision became the final decision

14 of the Commissioner, which is appealable to the district court

15 pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for

16 judicial review pursuant to 42 U.S.C. § 405(g) on September 8, 2006.

17 (Ct. Rec. 4.)

18 ### STATEMENT OF FACTS

19 The facts have been presented in the administrative hearing

20 transcript, the ALJ's decision, the briefs of both Plaintiff and the

21 Commissioner, and will only be summarized here.

22 Plaintiff was 48 years old on the onset date, December 25,

23 2003. (Tr. 22, 236.)  She completed the eighth grade and did not

24 earn a GED.[2]  (Tr. 236-237.)  Plaintiff worked for her in-laws at

25

26     [2]Plaintiff testified that she completed the 8th grade and

27 attended, but did not complete, the 9th.  236-237.)  Forms indicate

28 Plaintiff completed the 9th (Tr. 82) and the 10th grade.  (Tr. 113.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS - 2

1  a restaurant/lounge from 1980 to 2003 as a bartender, food server
2  and cashier. (Tr. 73, 238-240.)

3      Plaintiff alleges disability due to degenerative arthritis
4  resulting in neck and back pain, arthritis of the knees, and
5  restless leg syndrome. (Tr. 77.)  Plaintiff also alleges that she
6  suffers from a somatoform disorder NOS.

7                    **SEQUENTIAL EVALUATION PROCESS**

8      The Social Security Act (the "Act") defines "disability" as
9  the "inability to engage in any substantial gainful activity by
10 reason of any medically determinable physical or mental impairment
11 which can be expected to result in death or which has lasted or can
12 be expected to last for a continuous period of not less than twelve
13 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also
14 provides that a Plaintiff shall be determined to be under a
15 disability only if any impairments are of such severity that a
16 Plaintiff is not only unable to do previous work but cannot,
17 considering Plaintiff's age, education and work experiences, engage
18 in any other substantial gainful work which exists in the national
19 economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the
20 definition of disability consists of both medical and vocational
21 components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
22 2001).

23     The Commissioner has established a five-step sequential
24 evaluation process for determining whether a person is disabled.  20
25 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person  is
26 engaged in substantial gainful activities.  If so, benefits are
27 denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If not,
28 the decision maker proceeds to step two, which determines whether

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS - 3

Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past. If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered. If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS - 4

1  Plaintiff establishes that a physical or mental impairment prevents
2  the performance of previous work.  The burden then shifts, at step
3  five, to the Commissioner to show that (1) Plaintiff can perform
4  other substantial gainful activity, and (2) a "significant number of
5  jobs exist in the national economy" which Plaintiff can perform.
6  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

7      Plaintiff has the burden of showing that drug and alcohol
8  addiction ("DAA") is not a contributing material factor to
9  disability.  *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).
10 The Social Security Act bars payment of benefits when drug addiction
11 and/or alcoholism is a contributing factor material to a disability
12 claim.  42 U.S.C. §§ 423(d)(2)(C) and 1382(a)(3)(J); *Sousa v.*
13 *Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998).  If there is evidence
14 of DAA and the individual succeeds in proving disability, the
15 Commissioner must determine whether the DAA is material to the
16 determination of disability.  20 C.F.R. §§ 404.1535 and 416.935.  If
17 an ALJ finds that the claimant is not disabled, then the claimant is
18 not entitled to benefits and there is no need to proceed with the
19 analysis to determine whether alcoholism is a contributing factor
20 material to disability.  However, if the ALJ finds that the claimant
21 is disabled and there is medical evidence of drug addiction or
22 alcoholism, then the ALJ must proceed to determine if the claimant
23 would be disabled if he or she stopped using alcohol or drugs.
24 *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001).

25                        **STANDARD OF REVIEW**

26     Congress has provided a limited scope of judicial review of a
27 Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold
28 the Commissioner's decision, made through an ALJ, when the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS - 5

determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS - 6

*of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

The ALJ found at the onset that Plaintiff meets the nondisability requirements and is insured for disability benefits through December 31, 2007. (Tr. 15-16.) The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity during any time at issue. (Tr. 17.) At step two, the ALJ found that the medical evidence established that Plaintiff suffered from the severe impairment of degenerative disc disease of the cervical spine. (Tr. 17-18.) She found that Plaintiff's impairments of restless leg syndrome and knee pain are non-severe, and that there is no evidence of a medically determinable severe mental impairment. (Tr. 17-19.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in or medically equal to one of the Listings impairments. (Tr. 19.)

After finding Plaintiff's testimony regarding her limitations not fully credible, the ALJ concluded at step four that Plaintiff has the RFC to perform a less than full range of unskilled work at the sedentary and light exertion levels. (Tr. 19-20, 22.) The ALJ concluded that Plaintiff is unable to perform her past work. (Tr. 22.) At step five, the ALJ considered Plaintiff's age, education, and work experience, determined that Plaintiff has no transferable skills and relied on the vocational expert's testimony to determine

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS – 7

that a significant number of jobs exist that Plaintiff can perform. (Tr. 22-24.)   The ALJ determined that Plaintiff is not disabled within the meaning of the Social Security Act. (Tr. 24.) Because the ALJ determined at step five that Plaintiff was not disabled, she did not consider whether alcohol or drug abuse are contributing factors material to disability.

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law.  Specifically, she argues that the ALJ erred by failing to properly credit the opinion of examining psychologist Dennis R. Pollack that she suffers from a severe mental disorder, a somatoform disorder NOS.  (Ct. Rec. 14 at 11-13.)  Plaintiff also argues that "the ALJ failed to properly consider her new age category" (age 50 on the hearing date) when making her decision.  (Ct. Rec. 14 at 10-12.)  The first issue is dispositive.

The Commissioner opposes the Plaintiff's motion for summary judgment and asks that the ALJ's decision be affirmed. (Ct. Rec. 21 at 9.)

**DISCUSSION**

**A.   Weighing Medical Evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS - 8

findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F.2d 341, 345 (9th Cr. 1991).

A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by an ALJ may be helpful to the adjudication. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (*citing Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

Plaintiff contends that the ALJ erred by failing to credit Dr. Pollack's opinion that she suffers from the severe mental impairment of a somatoform disorder, NOS. (Ct. Rec. 14 at 12-13.) The ALJ rejected Dr. Pollack's report because it was based on Plaintiff's unreliable self-report and was obtained on the advice of counsel to obtain benefits; Plaintiff argues that these are not specific and legitimate reasons supported by substantial evidence. The Commissioner responds that the ALJ may appropriately reject a medical opinion based on less than credible self-reporting, and when objective medical evidence does not support a doctor's assessed greater limitations. (Ct. Rec. 21 at 6.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS - 9

Psychologist Dennis R. Pollack, Ph.D., examined Plaintiff on March 13, 2006.  (Tr. 216-222.)  Dr. Pollack reviewed Plaintiff's medical records, including her physical therapy records, and administered psychological testing, including the Wechsler Adult Intelligence Scale, MMPI-2, Stroop Color and Word Test, and the Trail Making Test.  (Tr. 216, 220-222.)  Plaintiff told Dr. Pollack that her medication for restless leg syndrome ("RLS"), lorazepam, seems to help, and it helps her neck and back, but sometimes makes her feel disoriented.  (Tr. 218.)  She described memory difficulties and a habit of counting.  (Tr. 218.)  Even with the medication, RLS still awakens Plaintiff; sometimes back or neck pain does as well. (Tr. 220.) Plaintiff had never had a psychological evaluation or counseling.  (Tr. 218.) She was cited for driving while under the influence on her 50th birthday but was taking the case to trial. (Tr. 219.)

Dr. Pollack's testing revealed IQ scores in the average (verbal) and high average (performance IQ) range.  (Tr. 220.) Plaintiff's MMPI-2 showed an elevated F scale "which suggests that she may have been exaggerating her difficulties." (Tr. 221.) Dr. Pollack opined that the elevation could, however, be an honest presentation of self--i.e., a likely valid profile but with some symptom exaggeration.  (Tr. 221.)  Dr. Pollack noted marked elevation in six of Plaintiff's clinical scales.  (Tr. 221.) He diagnosed a somatoform disorder, NOS, and assessed a GAF of 60.[3]

---

[3]A Global Assessment of Functioning (GAF) of 60 indicates moderate symptoms ( *e.g.*, flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social

(Tr. 222.)

On April 11, 2006, Dr. Pollack opined that Plaintiff was moderately limited in the ability to perform within a schedule, to complete a normal workday, and to accept instructions and respond appropriately to criticism from supervisors.  (Tr. 224.)

In assessing Dr. Pollack's opinion, the ALJ points out that Plaintiff was referred by her attorney to Dr. Pollack in March of 2006.  (Tr. 18.)  To the extent the ALJ relied on the purpose of obtaining the report to discredit it, this was error.  *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996).

The ALJ also rejected Dr. Pollack's opinion because: (1) prior to this assessment, there were no allegations of mental disability; (2) Plaintiff's IQ and working memory index scores indicate average functioning in both areas; (3) Part B is the much more difficult section of the Trail Making Test; yet Plaintiff performed worse on Part A; (4) the test results do not indicate the presence of significant cognitive or otherwise functional deficits in psychological functioning; and (5) the MMPI-2 shows that Plaintiff is exaggerating her physical complaints. (Tr. 18-19.)

The ALJ rejected Dr. Pollack's three assessed areas of moderately impaired functional limitation because: (1) problems with social interaction do not appear in Plaintiff's work history, her physician's notes, or her physical therapy records; (2) no evidence supports an inability to maintain a schedule or punctuality, and

occupational or school functioning ( *e.g.*, few friends, conflicts with peers or co-workers). DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4th Ed. (DSM-IV) (1995), at 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS – 11

evidence of Plaintiff's ability to drive 130 miles to her weekly physical therapy appointments on time suggests the opposite; (3) Plaintiff's activities of daily living are inconsistent with Dr. Pollack's assessed limitations; and (4) the assessment appears to be influenced to a great degree by Plaintiff's unreliable self-report. (Tr. 19.)

The ALJ is partially correct that no evidence seems to support Dr. Pollack's limitation with respect to Plaintiff's social interaction. Plaintiff's work history, as well as her physician's and physical therapist's records, reflect no difficulties in social functioning. However, physician's and physical therapist's notes are not necessarily expected to reflect problems in social functioning. Plaintiff's reports indicate that her social activities have remained unchanged since her conditions began, she gets along well with authority figures, and she talks and visits with others (Tr. 121-123), but the ALJ does not rely on this evidence. Perhaps of significance with respect to the ability to accept criticism from supervisors, Plaintiff's entire work history has been with family (in-laws), rather than in a more competitive work environment -- a factor not mentioned by the ALJ. Arguably there is a lack of evidence of Plaintiff's ability to accept instructions and respond appropriately to criticism from supervisors; this alone is not medical evidence clearly establishing that Plaintiff did not have a medically severe impairment. *See Webb*, 433 F.3d at 687, *see also Yuckert*, 841 F.2d at 306.

The ALJ also discredited Dr. Pollack's opinion as based on Plaintiff's unreliable self-report; however, Dr. Pollack's diagnosis appears to take into account a degree of unreliable self-reporting.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS - 12

He reviewed Plaintiff's medical records, interviewed her, and reviewed the results of psychological testing, including Plaintiff's MMPI-2 score, which Dr. Pollack opined could be read as an honest presentation of self--i.e., a likely valid profile but with some symptom exaggeration.  (Tr. 221.)  He diagnosed a somatoform disorder, NOS.[4]

Moreover, Dr. Pollack's opinion is not refuted by any other examining or treating physician.  In this context, rejecting the examining physician's "assessment and findings because they have been influenced to a great degree by the claimant's own self report" (Tr. 19) does not amount to "substantial evidence clearly establishing the lack of a medically severe impairment." *See Webb*, 433 F.3d at 687.

With respect to Plaintiff's activities of daily living that are inconsistent with Dr. Pollack's assessed limitations, the ALJ cites Exhibit 4E, Daily Function Report, at Tr. 99-106.[5]  The ALJ does not specify which activities are inconsistent with the assessment; a reading of the sometimes difficult handwriting  reveals that

---

[4]The Essential feature of a Somatization Disorder is a pattern of recurring, multiple, clinically significant somatic complaints. A somatic complaint is considered to be clinically significant if it results in medical treatment (*e.g.*, the taking of medication) or causes significant impairment in social, occupational, or other important areas of functioning.  DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4th Ed. (DSM-IV) (1995), at 446.

[5]Donna Lee Boiko, Plaintiff's mother-in-law, signed as the person completing the report.  (Tr. 106.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS – 13

1    Plaintiff's mother-in-law described Plaintiff's daily activities as:
2    eating breakfast, taking a shower, feeding animals, doing laundry
3    and housework, and driving for her spouse. (Tr. 99-100.) Plaintiff
4    cannot lift items, can only sleep in certain positions, and her legs
5    bother her. (Tr. 100.) She needs to be reminded to take medication
6    at night for her legs, she cannot lift pots and pans, and has
7    trouble carrying dishes. (Tr. 101.) Plaintiff cannot sit in one
8    position for any length of time and needs to be reminded of her
9    appointments; she can lift 5 pounds, stand for 5-10 minutes, and sit
10   for 10-15 minutes. (Tr. 103-104.) She has to stop and reread
11   written instructions to get them right. (Tr. 104.)

12        The evidence of daily activities cited by the ALJ does not
13   appear to specifically contradict Dr. Pollack's assessed
14   limitations. Exhibit 4E includes evidence of memory problems,
15   possibly related to medication, as Plaintiff testified. The
16   remaining reason the ALJ rejected Dr. Pollack's opinion was
17   Plaintiff's ability to drive 130 miles to physical therapy
18   appointments one to two times a week and arrive on time; the ALJ
19   opines that this undercuts Dr. Pollack's opinion that Plaintiff is
20   moderately limited in her ability to perform activities within a
21   schedule, maintain regular attendance, and be punctual within
22   customary tolerances. (Tr. 19, citing Tr. 224.) It may be inferred
23   that the ability to arrive in a timely fashion once or twice weekly
24   is easier than five times a week, as required by most competitive
25   employment. As noted, Dr. Pollack's opinion is unrefuted by other
26   examining or treating physicians. The evidence relied on by the ALJ
27   does not clearly establish the lack of a medically severe impairment
28   or combination of impairments. *See Webb*, 433 F.3d at 687, *see also*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS - 14

1  *Yuckert*, 841 F.2d at 306.

2       An impairment or combination of impairments may be found "not

3  severe *only if* the evidence establishes a slight abnormality that

4  has no more than a minimal effect on an individual's ability to

5  work." *Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005)

6  (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see*

7  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). If an

8  adjudicator is unable to determine clearly the effect of an

9  impairment or combination of impairments on the individual's ability

10 to do basic work activities, the sequential evaluation should not

11 end with the not severe evaluation step. S.S.R. No. 85-28 (1985).

12 Step two, then, is a "de minimus screening device [used] to dispose

13 of groundless claims," *Smolen*, 80 F.3d at 1290, and an ALJ may find

14 that a claimant lacks a medically severe impairment or combination

15 of impairments only when his conclusion is "clearly established by

16 medical evidence." S.S.R. 85-28. The question on review is whether

17 the ALJ had substantial evidence to find that the medical evidence

18 clearly established that the claimant did not have a medically

19 severe impairment or combination of impairments. *Webb*, 433 F.3d at

20 687; *see also Yuckert*, 841 F.2d at 306.

21       Dr. Pollack's opinion, unrefuted by any examining or treating

22 physician, establishes more than a "slight abnormality that has no

23 more than a minimal effect" on Plaintiff's ability to work. *See*

24 *Webb*, 433 F.3d at 683 (citing Smolen v. Chater, 80 F.3d 1273, 1290

25 (9th Cir. 1996); *and see Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.

26 1988). As such, the assessment meets the de minimus requirement

27 used to dispose of groundless claims at step two. *See Smolen*, 80

28 F.3d at 1290. The ALJ could find that Plaintiff lacked a medically

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS – 15

severe impairment or combination of impairments only if the conclusion was "clearly established by medical evidence." See S.S.R. 85-28. Though Plaintiff ultimately bears the burden of establishing her disability, the ALJ has an affirmative duty to supplement Plaintiff's medical record, to the extent it was incomplete, before rejecting this impairment at so early a stage in the analysis, particularly in light of the fact that the examining physician's opinion was uncontradicted. "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Webb*, 433 F.3d at 687, *citing Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam).

The ALJ's finding at step two that Plaintiff has no mental impairment or one that is non-severe, is not clearly established by medical evidence. Accordingly, the case must be remanded for additional proceedings to correct the legal error.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision at step two that Plaintiff does not have a mental impairment or has one that is non-severe is not clearly established by the medical evidence. Because the ALJ committed this error at step two, the case is remanded for further proceedings to determine: whether Plaintiff suffers from a severe mental impairment, alone or in combination with Plaintiff's other impairments; whether the ALJ's rejection at step two of knee pain and restless leg syndrome is clearly established by medical evidence, and, if appropriate in light of Plaintiff's DUI charge, to conduct the *Bustamante* analysis with respect to Plaintiff's use of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS - 16

1  alcohol.

2      **IT IS ORDERED:**

3      1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is

4  **GRANTED.**   The matter is remanded to the Commissioner of Social

5  Security for further proceedings consistent with the this decision

6  and sentence four of 42 U.S.C. §§ 405(g).

7      2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is

8  **DENIED.**

9      The District Court Executive is directed to file this Order,

10  provide copies to counsel for Plaintiff and Defendant, enter

11  judgment in favor of Plaintiff, and **CLOSE** this file.

12      DATED April 20, 2007.

13

14          _____S/ CYNTHIA IMBROGNO_____
             UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER PROCEEDINGS - 17